UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Alexandria Seid, | : |
| | : **JURY DEMANDED** |
| Plaintiff, | : |
| | : No.: |
| v. | : |
| | : |
| Home InSite, LLC | : |
| | : |
| Defendant. | : |

## COMPLAINT

Plaintiff, Alexandria Seid, by and through her undersigned counsel, files this Complaint alleging that her rights pursuant to Title VII of the Civil Right Act of 1964, as amended, 42 U.S.C. § 2000(d), *et. seq.*, ("Title VII"), and the Section 1981 of the Civil Rights Act, 42. U.S.C. § 1981, *et. seq.,* have been violated and avers as follows:

### I. PARTIES AND JURISDICTION

1. Plaintiff, Alexandria Seid (hereinafter "Plaintiff" or "Ms. Seid"), is an adult individual residing in Elizabethville, Pennsylvania with a mailing address of P.O. Box 54, Elizabethville, Pennsylvania.

2. Defendant, Home Insite, LLC, (hereinafter "Defendant" or "Insite"), is a limited liability company, licensed by the Pennsylvania Department of Health and existing under the laws of Pennsylvania, with a prinicpal place of business at 16 E. Main Street, Elizabethville, PA 17023.

3. Defendant is registered to do business in Cumberland, Dauphin Northumberland, Perry, Schuylkill, and headquartered in Elizabethville, Pennsylvania and according to its website, is a provider of non-medical home healthcare services.

4. Defendant was Plaintiff's employer for all relevant times herein.

5. Plaintiff worked for the Defendant's facility located at 16 E. Main Street, Elizabethville, PA 17023.

6. At all times material hereto, Defendant qualifies as Plaintiff's employer.

7. At all times material hereto, Defendant acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

8. Plaintiff has exhausted her administrative remedies pursuant to the Equal Employment Opportunity Act and the Pennsylvania Human Relations Act. (See Exhibit "A," a true and correct copy of a "right-to-sue" issued by the Equal Employment Opportunity Commission).

9. This action is instituted pursuant to Title VII of the Civil Rights Act of 1964, the Pennsylvania Human Relations Act, Section 1981 of the Civil Rights Act and applicable federal and state law.

10. Jurisdiction is conferred by 28 U.S.C. §1331 and §1343.

11. Supplemental jurisdiction over the Plaintiff's state law claims is conferred pursuant to 28 U.S.C. § 1367.

12. The venue is properly laid in this district because the Defendant conducts business in this district and because a substantial part of the acts and omissions giving rise to the claims set forth herein occurred in this judicial district. 28 U.S.C. § 1391(b)(1) and (b)(2). Plaintiff was

working in the Eastern District of Pennsylvania at the time of the illegal conduct by the Defendant, as set forth herein.

## II. FACTS

13.  On or about November 2, 2019, the Defendant hired Ms. Seid to work as a Home Healthcare Aide at its facility in Elizabethville, Pennsylvania.

14.  At all times material hereto, Plaintiff was qualified for her position with the Defendant and performed her work without any complaint or issue up until the time her employment was terminated by the Defendant.

15.  Ms. Seid was employed by Defendant, for one year.

16.  Ms. Seid was a loyal, committed a very competent employee, who at the time of her termination, had no write-ups or disciplinary action taken against her.

17.  Ms. Seid was subjected to sexual harassment by a client on multiple occasions, during the course of her employment with the Defendant.

18.  On several occasions, the aforementioned client touched Ms. Seid in her crotch area.

19.  At one point during her employment, while Ms. Seid was performing a bed bath on this client, the client grabbed the back of Ms. Seid's head and attempted to push her towards his penis.

20.  This particular client would also state at Ms. Seid while she was working, especially when she would bend over, he would request that Ms. Seid sit on his lap and he asked Ms. Seid to run away with him.

21.  Ms. Seid complained to management multiple times about the client's continuing verbal and physical harassment however, management stood by and did nothing.

22. The Defendant never attempted to investigate Ms. Seid's allegations.

23. The Defendant did not attempt to accommodate Ms. Seid's requests to no longer assign this client to her.

24. The Defendant refused to switch Ms. Seid's schedule or assign a male employee to service the aforementioned client.

25. The Defendant did not assign another employee to accompany Ms. Seid when caring for this client and Defendant did not fire this particular client.

26. In spite of Plaintiff's numerous verbal complaints, the Defendant would not remedy the hostile work environment and Defendant's management told Ms. Seid to just "deal with it".

27. On September 11, 2020, Plaintiff submitted a written request to the Defendant to end the sexual harassment and she was terminated from her position immediately after submitting this request.

28. Upon information and belief, the Defendant's primary motivation for terminating Ms. Seid was due to her written sexual harassment claim and the reasons given were pretextual.

29. The Defendant terminated Ms. Seid immediately after she submitted a written complaint of sexual harassment against a client.

30. Despite this conduct, the aforementioned client remains at the Defendant's facility.

31. As set forth above, the Defendant engaged in discriminatory, disparate and retaliatory treatment of Ms. Seid in terminating her employment.

32. As a direct and proximate result of the Defendant's conduct, Plaintiff sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages and

earnings, as well as emotional distress, humiliation, pain and suffering, personal injury damages and other damages as set forth below.

### III. CAUSES OF ACTION

#### COUNT I
#### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
#### HARASSMENT

33. Plaintiff incorporates the preceding paragraphs as if fully set forth at length herein.

34. The Defendant is responsible for the hostile work environment which allowed Plaintiff to be verbally, physically and sexually harassed by the aforementioned client.

35. Plaintiff's status as being woman places her in a protected class.

36. Plaintiff's membership in a protected class was a motivating factor in the Defendant's decision to terminate her employment.

37. Plaintiff suffered disparate treatment by the Defendant, as set forth above.

38. Plaintiff had to endure pervasive and regular harassment from the client she serviced when she was sexually harassed on a regular basis and was retaliated against by Defendant when she made complaints about such unlawful gender-based harassment and discrimination.

39. This harassment by Defendant's client and Defendant detrimentally affected Plaintiff in that, among other things, she suffered embarrassment, humiliation, emotional distress, and disruption to her life because of Defendant's actions.

40. The harassment by Defendant would detrimentally affect a reasonable person in Plaintiff's position.

41. For all of the reasons stated herein, the harassment and its results would cause decreased wages, pain, drying up, lost wages, and embarrassment and humiliation to a reasonable person.

42. Despite Plaintiff's complaining about these issues to Defendant, no meaningful remedial action was taken with respect to the harassment.

43. As such, the Defendant's decision to terminate Plaintiff's employment is an unlawful employment practice under 42 U.S.C. § 2000e-2(a).]

44. As a proximate result of the Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

45. This willful, intentional, and unlawful gender-based harassment and discrimination violates the laws and regulations of the United States, including without limitation, 42 U.S.C § 2000e, *et seq*. and requires the imposition of punitive damages.

46. As a result of the conduct of the Defendant's management, Plaintiff demands punitive damages.

47. Plaintiff demands attorney's fees and court costs under the Section 704(a) of the Title VII, 42 U.S.C. §2000e-3(a), et seq.

## COUNT II
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
## RETALIATION

48. Plaintiff incorporates the preceding paragraphs as if fully set forth at length herein.

49. As set forth above, Plaintiff complained to Management regarding the verbal, physical and sexual harassment the aforementioned client would make towards Plaintiff and as such, Plaintiff was engaged in protected activity under Title VII of the Civil Rights Act.

50. The Defendant took adverse action against Plaintiff by terminating her employment immediately upon a report of such conduct.

51. As set forth above, Plaintiff's participation in protected activity was a motivating factor in the Defendant's decision to terminate her employment.

52. As such, the Defendant's decision to terminate Plaintiff's employment is a retaliatory action prohibited by the Civil Rights Act of 1964, § 704(a).

53. As a proximate result of the Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

54. As a result of the conduct of the Defendant, Plaintiff hereby demands punitive damages.

55. Pursuant to the Civil Rights Act of 1964, § 704(a), 42 U.S.C. §2000e-3(a), et seq., Plaintiff demands attorney's fees and court costs.

## COUNT III
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
## SECTION 1981

56. Plaintiff incorporates the preceding paragraphs as if fully set forth at length herein.

57. Section 1981 of the Civil Rights Act prohibits discrimination on the basis of race in the making of contracts, including employment contracts.

58. The Defendant's conduct in terminating Plaintiff's employment was based on her race.

59. The Defendant's conduct in terminating Plaintiff's employment would have been different "but for" Plaintiff's race.

60. Pursuant to the Section 1981 of the Civil Rights Act, Plaintiff demands attorney's fees and court costs.

## V. RELIEF REQUESTED

**WHEREFORE,** Plaintiff, Alexandria Seid, demands judgment in her favor and against the Defendant, Home Insite, LLC, in an amount in excess of $150,000.00 together with:

A. Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages, lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering;

B. Punitive damages;

C. Attorney's fees and costs of suit;

D. Interest, delay damages; and,

E. Any other further relief this Court deems just proper and equitable.

Date: February 23, 2021  **LAW OFFICES OF ERIC A. SHORE, P.C.**

BY: *Mary LeMieux-Fillery*
**MARY LEMIEUX-FILLERY, ESQUIRE**
**(Pa Id. No.: 312785)**
Two Penn Center, Suite 1240
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
Tel.: (267) 546-0132
Fax: (215) 944-6124
Email: maryf@ericshore.com
*Attorneys for Plaintiff, Alexandria Seid*